Brian W. LaCorte (012237)
lacorteb@ballardspahr.com
Jonathon A. Talcott (030155)
talcottj@ballardspahr.com
Mitchell L. Turbenson (033278)
turbensonm@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
*Attorneys for Defendant/Counterclaimant*
*Gallerie degli Uffizi*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BoxNic Anstalt,<br><br>Plaintiff,<br><br>vs.<br><br>Gallerie degli Uffizi,<br><br>Defendant. | Case No. CV-18-01263-PHX-DGC<br><br>**ANSWER AND COUNTERCLAIMS** |
| Gallerie degli Uffizi,<br><br>Counterclaimant,<br><br>vs.<br><br>BoxNic Anstalt,<br><br>Counterdefendant. | |

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

## ANSWER

Defendant Gallerie degli Uffizi (the "Uffizi Gallery" or "Defendant"), by and through undersigned counsel, hereby submits its Answer to the Complaint of BoxNic Anstalt ("BoxNic" or "Plaintiff"), as follows:

## ALLEGED NATURE OF THE CASE AND INTRODUCTORY STATEMENT

These sections of the Complaint contain only threadbare legal conclusions to which no answer is required. Insofar as an answer may be required, Uffizi Gallery admits that BoxNic purports to assert a claim in this action under 15 U.S.C. § 1114(2)(D)(v) and seeks the referenced declaratory judgments, but otherwise denies the allegations contained in these sections and specifically denies that BoxNic is entitled to any of its requested relief.

## PARTIES, JURISDICTION AND VENUE

1.      Uffizi Gallery is without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 1 to BoxNic's Complaint, and on that basis denies them. As to the second sentence of Paragraph 1, Uffizi Gallery admits BoxNic purports to sell tickets to the Uffizi Gallery on Uffizi.com but denies any implication that these sales are legal or properly obtained, or that they are sanctioned or authorized by Uffizi Gallery in any way. Uffizi Gallery is without sufficient knowledge or information to admit or deny the remaining allegations in the second sentence of Paragraph 1, and on that basis denies them.

2.      For purposes of this action, Uffizi Gallery admits the allegations contained in Paragraph 2 to BoxNic's Complaint.

3.      The allegations in Paragraph 3(1)[1] to BoxNic's Complaint constitute conclusions of law to which no answer is required. Insofar as an answer may be required, the Uffizi Gallery does not object to this Court having subject matter jurisdiction over the claims recited in BoxNic's Complaint.

---

[1] BoxNic's Complaint contains two paragraphs numbered "3" and two paragraphs numbered "4." For clarity, Uffizi Gallery refers to the first instance of these paragraphs as "3(1)" and "4(1)," respectively, and the second instances as "3(2)" and "4(2)," respectively.

4.    The allegations in Paragraph 4(1) to BoxNic's Complaint constitute conclusions of law to which no answer is required.  Insofar as an answer may be required, Uffizi Gallery does not object to this Court having subject matter jurisdiction over claims recited in BoxNic's Complaint.

5.    The allegations in Paragraph 3(2) to BoxNic's Complaint constitute conclusions of law to which no answer is required.  Insofar as an answer may be required, the Uffizi Gallery does not object that to this Court constituting proper venue for the claims recited in BoxNic's Complaint.  Uffizi Gallery denies the remaining allegations contained in Paragraph 3(2).

6.    For purposes of this action, Uffizi Gallery admits the allegations contained in Paragraph 4(2) to BoxNic's Complaint.

### ALLEGATIONS COMMON TO ALL CLAIMS

### BoxNic's Alleged Business and Use of the Domain Name

7.    The Uffizi Gallery is without sufficient knowledge or information to admit or deny the allegations of Paragraph 5 to BoxNic's Complaint (e.g., because Exhibit A is unauthenticated and does not identify BoxNic), and on that basis denies them.

8.    Uffizi Gallery admits that a building of its museum is located where, in the sixteenth century, the famous Medici family that governed Florence, Italy established various administrative operations.  Uffizi Gallery denies that "uffizi" is "a common Italian word" as alleged, at least in the context of museum or museum-related services (e.g., museum ticket sales).  Uffizi Gallery is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 6 to BoxNic's Complaint, for example because the terms, phrases, and/or characterizations of "old-fashioned version" and "derives from" are vague and ambiguous, and on that basis denies them.

9.    Uffizi Gallery admits BoxNic purports to sell tickets to the Uffizi Gallery on Uffizi.com but denies any implication that these sales are legal or sanctioned in any way by Uffizi Gallery.  Uffizi Gallery is without sufficient knowledge or information to admit

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

or deny the remaining allegations in Paragraph 7 to BoxNic's Complaint and, on that basis, denies them.

10.     Uffizi Gallery admits that the language quoted in Paragraph 8 to BoxNic's Complaint is currently present on Uffizi.com, that Uffizi.com is in English, that Uffizi.it is an ".it" domain, and that Uffizi.it is in Italian but Uffizi.it/en provides an English translation.  Uffizi Gallery is without sufficient knowledge or information to admit or deny BoxNic's allegations that the quoted language on Uffizi.com has been present since 2007, and on that basis denies them.  The Uffizi Gallery denies the remaining allegations in Paragraph 8 to BoxNic's Complaint.

11.     Uffizi Gallery is without sufficient knowledge or information to admit or deny BoxNic's allegations contained in Paragraph 9 to the Complaint, and on that basis denies them.  Uffizi Gallery denies that BoxNic has any valid or protectable trademark or other rights in the "Uffizi Design Mark" or Uffizi.com domain name as alleged.

12.     Uffizi Gallery admits that it did not contact BoxNic before filing the referenced UDRP proceeding.  Uffizi Gallery is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 to BoxNic's Complaint regarding when BoxNic first learned of the UDRP proceeding, and on that basis denies them.  Uffizi Gallery denies the remaining allegations of Paragraph 10.

13.     Uffizi Gallery denies the allegations contained in Paragraph 11 to BoxNic's Complaint.

**Uniform Domain-Name Dispute Registration Policy ("UDRP") Action**

14.     Uffizi Gallery admits that the Uffizi.it domain name was initially registered to a third party and was transferred to Uffizi Gallery sometime between September 3, 2011 and November 2, 2012.  Uffizi Gallery denies the remaining allegations contained in Paragraph 12 to the Complaint.

15.     Uffizi Gallery denies the allegations contained in Paragraph 13 to BoxNic's Complaint.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

16.     Uffizi Gallery admits that it never contacted BoxNic until it initiated the UDRP proceeding, but denies that BoxNic was not aware of Uffizi Gallery's prior and superior rights in the "Uffizi" name and Uffizi.com domain name for museum or museum-related services (e.g., online museum ticket sales).  Uffizi Gallery is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 14 to the Complaint, and on that basis denies them.

17.     Uffizi Gallery admits that it submitted a domain dispute complaint against BoxNic before the World Intellectual Property Organization, Case No. D2018-0166 on February 9, 2018, and that BoxNic received notice of such action.  Uffizi Gallery is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 15 to BoxNic's Complaint, and on that basis denies them.

18.     Uffizi Gallery admits BoxNic submitted a response in Case No. D2018-0166 on March 5, 2018, a, unauthenticated copy of which appears to be attached to the Complaint as Exhibit G, and which speaks for itself.  Uffizi Gallery denies the remaining allegations in Paragraph 16 to BoxNic's Complaint.

19.     The Uffizi Gallery admits that the UDRP panel resolved Case No. D2018-0166 in favor of the Uffizi Gallery on April 2, 2018, and ordered that Uffizi.com be transferred to the Uffizi Gallery, and that Exhibit H appears to be an unauthenticated copy of said order.  Uffizi Gallery denies the remaining allegations in Paragraph 17 to BoxNic's Complaint.

20.     Uffizi Gallery admits that Uffizi.com is pending transfer to the Uffizi Gallery and denies the remaining allegations in Paragraph 18 to the Complaint, including denying that the UDRP panel's decision was "erroneous" as alleged.

21.     Paragraph 19 to BoxNic's Complaint contains no factual allegations and only legal conclusions to which no answer is required.  Insofar as an answer may be required, Uffizi Gallery denies the allegations of Paragraph 19.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

22.     The allegations of Paragraph 20 relate to actions by a third party, GoDaddy, about which Uffizi Gallery is without sufficient knowledge or information to admit or deny, and on that basis denies them.

23.     The allegations in Paragraph 21 to BoxNic's Complaint constitute conclusions of law to which no answer is required.  Insofar as an answer may be required, the Uffizi Gallery does not object that Count I of Plaintiff's Complaint is ripe for review, but otherwise denies the remaining allegations of Paragraph 21, for example on the basis that "inevitable and imminent absent further action by Plaintiff" is vague and ambiguous.

24.     Paragraph 22 to BoxNic's Complaint contains allegations to which no response is required.  Insofar as an answer may be required, Uffizi Gallery admits that BoxNic purports to assert that the <uffizi.com> domain allegedly should not be transferred to Uffizi Gallery, but that assertion and the allegations underlying it are without merit.

25.     Paragraph 23 to BoxNic's Complaint contains allegations to which no response is required.  Insofar as an answer may be required, Uffizi Gallery admits that BoxNic purports to assert that Uffizi Gallery allegedly does not have exclusive rights to use "uffizi" and that because both parties were allegedly using "uffizi" concurrently for several years, BoxNic alleges Uffizi Gallery does not have superior rights to the mark, but those assertions and the allegations underlying them are without merit.

## COUNT I
**(Alleged Reverse Domain Name Hijacking – 15 U.S.C. § 1114(2)(D)(v))**

26.     In response to Paragraph 24 to BoxNic's Complaint, Uffizi Gallery realleges each and every allegation contained in the above paragraphs of this Answer and incorporates them here by reference.

27.     Paragraph 25 to BoxNic's Complaint contains the assertion of a legal standard to which no response is required.  Insofar as an answer may be required, Uffizi Gallery admits BoxNic must prove at least each and every element set forth in Paragraph 25 to BoxNic's Complaint to prevail on Count I, but denies that BoxNic can prove these

elements and that satisfaction of these elements necessarily satisfies BoxNic's entitlement to any relief under Count I.

28.     Uffizi Gallery admits that BoxNic is the current (however unlawful) registrant of the Uffizi.com domain name, that Uffizi.com is subject to transfer and should be transferred to Uffizi Gallery in due course, and that Uffizi Gallery has notice of the Complaint.  Uffizi Gallery denies all remaining allegations of Paragraph 26.

29.     Uffizi Gallery admits that it registered the "Le Gallerie degli Uffizi" trademark with the EUIPO on January 25, 2018, the application leading to which Uffizi Gallery filed on August 30, 2017.   Uffizi Gallery denies the remaining allegations contained in Paragraph 27 to BoxNic's Complaint.

30.     Uffizi Gallery denies the allegations contained in Paragraph 28 to BoxNic's Complaint.

31.     Uffizi Gallery denies the allegations contained in Paragraph 29 to BoxNic's Complaint.

32.     Uffizi Gallery denies the allegations contained in Paragraph 30 to BoxNic's Complaint.

33.     Uffizi Gallery denies the allegations contained in Paragraph 31 to BoxNic's Complaint.

34.     Uffizi Gallery denies the allegations contained in Paragraph 32 to BoxNic's Complaint.

35.     Uffizi Gallery denies the allegations contained in Paragraph 33 to BoxNic's Complaint.

36.     Uffizi Gallery denies the allegations contained in Paragraph 34 to BoxNic's Complaint.

37.     Uffizi Gallery denies the allegations contained in Paragraph 35 to BoxNic's Complaint.

38.     Uffizi Gallery denies the allegations contained in Paragraph 36 to BoxNic's Complaint.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

## COUNT II
### (Declaratory Judgment of Alleged No Trademark Infringement)

39.     In response to Paragraph 37 to BoxNic's Complaint, Uffizi Gallery realleges each and every allegation contained in the above paragraphs of this Answer and incorporates them here by reference.

40.     Paragraph 38 to BoxNic's Complaint contains the assertion of a legal standard to which no response is required.  Insofar as an answer may be required, Uffizi Gallery admits that a dispute and actual controversy has arisen between Plaintiff and Defendant in this action.

41.     Paragraph 39 to BoxNic's Complaint contains allegations to which no response is required.  Insofar as an answer may be required, Uffizi Gallery denies the allegations contained in Paragraph 39 to BoxNic's Complaint.

42.     Paragraph 40 to BoxNic's Complaint contains allegations to which no response is required.  Insofar as an answer may be required, Uffizi Gallery denies the allegations contained in Paragraph 40 to BoxNic's Complaint.

43.     Paragraph 41 to BoxNic's Complaint contains a legal conclusion to which no response is required.  Insofar as an answer may be required, Uffizi Gallery admits that a judicial determination may be necessary and appropriate to adjudicate BoxNic's trademark infringement and confirm an order transferring the Uffizi.com domain to Uffizi Gallery, but otherwise denies the allegations of Paragraph 41.

## COUNT III
### (Declaratory Judgment of Alleged Trademark Rights)

44.     In response to Paragraph 42 to BoxNic's Complaint, Uffizi Gallery realleges each and every allegation contained in the above paragraphs of this Answer and incorporates them here by reference.

45.     Paragraph 43 to BoxNic's Complaint contains a legal conclusion to which no response is required.  Insofar as an answer may be required, Uffizi Gallery admits that a dispute and actual controversy has arisen between Plaintiff and Defendant in connection

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

with BoxNic's wrongful misappropriation and use of the Uffizi.com domain name and Uffizi Gallery's trademarks incorporating "Uffizi" as used in connection with Uffizi Gallery's museum and museum-related services (e.g., online museum ticket sales), but otherwise denies the allegations of Paragraph 43.

46.     Uffizi Gallery admits that BoxNic purportedly seeks the referenced Order contained in Paragraph 44 to the Complaint.  Uffizi Gallery denies that the scope of the relevant dispute concerns use of "uffizi" for "any goods or services within interstate commerce of the United States" as alleged, and denies the remaining allegations contained in Paragraph 44 to BoxNic's Complaint.

47.     Paragraph 45 to BoxNic's Complaint contains a legal conclusion to which no response is required.  Insofar as an answer may be required, Uffizi Gallery admits that a judicial determination may be necessary and appropriate to adjudicate BoxNic's trademark infringement and confirm an order transferring the Uffizi.com domain to Uffizi Gallery, but otherwise denies the allegations of Paragraph 45.

## PRAYER FOR RELIEF AND JURY DEMAND

To the extent an answer is required for these sections of the Complaint, Uffizi Gallery denies that BoxNic is entitled to any relief or is entitled to a jury trial for its claims. Uffizi Gallery denies each and every allegation not expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following defenses, Uffizi Gallery does not assume any burden of proof to which it otherwise is not obligated.

1.     BoxNic's Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

2.     BoxNic's Complaint, on one or more counts set forth therein, is barred by the doctrine of unclean hands because, for example and among other things, BoxNic knew it was infringing on the Uffizi Gallery's trademarks by registering Uffizi.com, by holding itself out to the public as being endorsed by or having an affiliation, sponsorship, or connection with Uffizi Gallery, trading on Uffizi Gallery's goodwill established in the

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Uffizi mark, and by selling tickets to the Uffizi Gallery without authorization or permission at higher prices than Uffizi Gallery and its authorized resellers charge.

3.     Uffizi Gallery has superior trademark rights as against BoxNic with respect to the term "Uffizi" and "Uffizi.com" as used within the United States and abroad at least in connection with museum and museum-related products and services (e.g., online museum ticket sales).

4.     BoxNic is entitled to no relief on its "reverse domain name hijacking" claim (Count I) at least because BoxNic registered and has used the Uffizi.com domain name in bad faith and in an unlawful manner.  For example and among other things, BoxNic knew it was infringing on the Uffizi Gallery's trademarks by registering Uffizi.com, by holding itself out to the public as being endorsed by or having an affiliation, sponsorship, or connection with Uffizi Gallery, trading on Uffizi Gallery's goodwill established in the Uffizi mark, and by selling tickets to the Uffizi Gallery without authorization or permission at higher prices than Uffizi Gallery and its authorized resellers charge.

5.     Uffizi Gallery reserves the right to assert additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, as may be warranted by discovery or further factual investigation in this action.

## COUNTERCLAIMS
## NATURE OF THE CASE

1.     This is an action for cybersquatting under the Anti-Cybersquatting Consumer Protection Act (ACPA), trademark infringement and unfair competition under the Lanham Act § 43, and for a declaration of superior trademark ownership rights to confirm the transfer of the "Uffizi.com" domain name to Uffizi Gallery and to enjoin BoxNic from further infringing on Uffizi Gallery's trademark rights.  These counterclaims arise from BoxNic's bad faith registration and unlawful use of the "Uffizi.com" domain name and its website, which unlawfully incorporate the Uffizi Gallery's well-known "Uffizi" trademark in connection with offering unauthorized ticket sales to the Uffizi Gallery museum.

## PARTIES, JURISDICTION, AND VENUE

2.      Counterclaimant Gallerie degli Uffizi ("Uffizi Gallery" or "The Uffizi" or "Counterclaimant") is a world-famous art museum located at Piazzale degli Uffizi, 6, 50122, in Florence, Italy.  Uffizi Gallery's history dates back to the sixteenth century, and it is one of the most visited and largest museums in the word.  Since at least 1765, Uffizi Gallery has been open to the public and has conducted its museum business operations under its commonly understood business name and trademark of "The Uffizi."

3.      On information and belief, Counterdefendant BoxNic Anstalt ("BoxNic" or "Counterdefendant") is a corporation organized and existing under the laws of the Principality of Liechtenstein, located at Landstrasse 39, 9490 Vaduz in Liechtenstein.  As set forth herein, through its operation of the website located on or re-routed from the domain name Uffizi.com, BoxNic has been holding itself out to the public as an affiliate of Uffizi Gallery and has been selling unauthorized tickets to Gallery Uffizi's museums, without permission.

4.      This Court has personal jurisdiction over BoxNic by virtue of its assertion of claims in this Court and by virtue of its agreement to subject itself to personal and subject matter jurisdiction of this Court pursuant to BoxNic's domain name registration agreement with the registrar of the Uffizi.com domain name, which is GoDaddy.com, Inc. ("GoDaddy").  As alleged by BoxNic, GoDaddy's terms of service require domain name purchasers to submit to jurisdiction and venue in this Court.

5.      This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1125, *et seq.*, 28 U.S.C. § 1338(a) and the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

6.      This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of the action, the Uffizi.com domain name, is located here.  In addition, as alleged by BoxNic, the relevant sponsoring registrar, GoDaddy.com, Inc.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

("GoDaddy"), is located within this District and GoDaddy's terms of service require domain name purchasers to submit to jurisdiction and venue in this Court.

## ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

### I.   Background on the Uffizi Gallery

8.     Established in the 1500's, the Uffizi Gallery, commonly known and referred to simply as "The Uffizi," is a world-famous art museum located in Florence, Italy.  It is one of the largest and most visited museums in the world, holding a collection of priceless works that are mostly from the Italian Renaissance period such as "Birth of Venus" (Botticelli), "Medusa" (Caravaggio), "Annunciation" (da Vinci), and "Doni Tondo" (Michelangelo), among hundreds of other well-known pieces.

9.     Uffizi Gallery enjoys a rich and storied history dating back at least to the mid-sixteenth century.  Construction of The Uffizi museum complex began in 1560 for the original purpose of housing the official offices of Florentine magistrates and other Italian government personnel.  That is the origin of the name "Uffizi," which is a since abandoned Italian word referring to "offices," had nothing to do with art or museum related products or services.

10.     Upon the decline of the Medici family's rule in Italy in the eighteenth century, the family's art collections were gifted to the City of Florence.  To house these collections, Florence converted the Uffizi office building complex into the museum that it is to this day.  The gallery had been open to visitors by request since the sixteenth century, and in 1765 it was officially opened to the public, formally becoming a museum in 1865. Today, the Uffizi is one of the most popular tourist attractions of Florence and one of the most visited art museums in the world, including extensively by consumers from the United States.

### II.   The UFFIZI Trademarks

11.     Over the centuries, Uffizi Gallery has conducted extensive business and developed substantial goodwill and recognition worldwide under a variety of distinctive names when used in connection with artwork and museum related products and services.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

These trademarks all incorporate a form of the term "Uffizi" in one way or another, including for example through the designators of "Gallerie degli Uffizi," "Uffizi Gallery," and most often simply the "Uffizi."

12.     Uffizi Gallery has also filed for and obtained an international trademark registration for a distinctive logo which prominently incorporates and displays the "Uffizi" mark.  Uffizi Gallery has used this distinctive logo in commerce in connection with various art and museum related products and services since at least September 27, 2017 (hereafter, the "Uffizi Logo"):



13.     A true and correct copy of Uffizi Gallery's international trademark registration, International Trademark Reg. No. 1418730, is attached hereto as **Exhibit 1**.

14.     On February 28, 2018, Uffizi Gallery also filed a U.S. federal trademark registration to extend its international trademark registration-based rights in the Uffizi Logo to the United States pursuant to Section 66(a) of the Lanham Act.  This application, U.S. Trademark Application Serial No. 79/239063, is set to publish on April 16, 2019, and thereafter is expected to register in due course.

15.     Accordingly, consumers throughout the world, including those located in the United States and purchasing tickets to the Uffizi Gallery locations within the United States, have come to recognize and associate the famous UFFIZI designation as a trademark of the Uffizi Gallery.  Uffizi Gallery therefore has established common law and international registration-based trademark rights in the standard word character mark, UFFIZI.

16.     Uffizi Gallery uses the UFFIZI marks in connection with its offering of various artwork and museum-related products and services, including the sale of museum

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

admission tickets and tickets for other events associated with the Uffizi Gallery.  BoxNic has never been authorized to sell such tickets, whether online or otherwise.

### III.    BoxNic's Bad Faith Registration and Unlawful Use of Uffizi.com and the UFFIZI Marks

17.     Until recently, Uffizi Gallery was unaware of BoxNic's illegal registration and use of the Uffizi.com domain name, or its misleading and confusing use of Uffizi Gallery's UFFIZI marks on website content associated with Uffizi.com.

18.     Upon information and belief, when Uffizi.com was first registered in 1998, its website displayed educational content dedicated almost entirely to the Uffizi Gallery.

19.     Upon information and belief, when BoxNic came into possession of Uffizi.com, it was fully aware of the Uffizi Gallery's centuries' long existence and its international recognition (including in the United States) of the UFFIZI marks as used in connection with museum products and services and ticket sales.

20.     Upon information and belief, BoxNic was also aware upon coming into possession of Uffizi.com that the Uffizi Gallery is known as "Uffizi," "the Uffizi," and "the Uffizi Galleries."  BoxNic also used these or other variants of the Uffizi Gallery's marks on Uffizi.com to refer to the Uffizi Gallery and hold itself out to the public that it was somehow affiliated with, sponsored by, or endorsed by Uffizi Gallery, without authorization or permission.

21.     Based on its EUIPO registration and the content of Uffizi.com, BoxNic stylizes its claimed mark as "Uffizi.com" as opposed to "uffizi.com," further showing that BoxNic is trading off the goodwill that Uffizi Gallery has established in the UFFIZI marks by using "Uffizi" incorporated into the domain name its entirety.

22.     BoxNic's use of the UFFIZI marks in connection with the Uffizi.com domain name and website content associated with it has confused and mislead the consuming public worldwide, including consumers in the U.S., to believe that BoxNic is an authorized reseller of Uffizi Gallery's tickets and implying a connection between BoxNic and Uffizi Gallery when there is none.  This has undermined Uffizi Gallery's own ability to control

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

and regulate the sales of its own tickets through, for example, BoxNic's charging of higher prices than Uffizi Gallery charges for these same tickets.

23.     In particular, sometime after the registration of Uffizi.com, and unbeknownst to Uffizi Gallery, BoxNic began selling tickets to the Uffizi Gallery through the website associated with Uffizi.com, giving strong encouragement that patrons should buy tickets in advance to the museum and museum-related events sponsored by Uffizi Gallery.

24.     For each ticket sale (even those that are purported to be "free tickets") on Uffizi.com, BoxNic charges a commission (described as a "Reservation Fee") that BoxNic retains.

25.     For example, for ticket sales to the Uffizi Gallery, BoxNic charges:

| Uffizi.com (BoxNic) | Full-Price Ticket | Reduced-Price Ticket | Free Ticket |
|---|---|---|---|
| **Entrance Fee (Ticket Price)** | €24.00 | €14.00 | €4.00 |
| **BoxNic Reservation Fee** | €4.75 | €4.75 | €4.75 |
| **Total** | €28.75 | €18.75 | €8.75 |
| **Approximate Proportion of Reservation Fee to Entrance Fee** | 19.79% | 33.93% | 118.75% |

26.     For ticket sales to the Uffizi Gallery, the Uffizi Gallery charges the following through its website located on its Uffizi.it domain name:

| Uffizi.it | Full-Price Ticket | Reduced-Price Ticket | Free Ticket |
|---|---|---|---|
| **Entrance Fee (Ticket Price)** | €24.00 | €6.00 | €4.00 |
| **Reservation Fee** | €0.00 | €0.00 | €0.00 |
| **Total** | €24.00 | €6.00 | €4.00 |
| **Proportion of Reservation Fee to Entrance Fee** | 0.0% | 0.0% | 0.0% |

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

27.     Thus, BoxNic charges consumers approximately 19.79% more for full-price tickets, 212.5% more for reduced-price tickets, and 118.75% more for free tickets than the Uffizi Gallery (for tickets purchased through Uffizi.it).

28.     In addition to selling tickets, BoxNic uses Uffizi.com to sell "Audio Guides" (at €7.53 each) and "Tablet Video Guides" (at €12.00 each) for the Uffizi Gallery, as well as special guided tours of the Uffizi Gallery.

29.     The Uffizi Gallery does not sanction BoxNic's sales of Uffizi Gallery tickets or other goods and services related to the Uffizi Gallery.

30.     Upon information and belief, BoxNic began selling tickets to the Uffizi Gallery on Uffizi.com with the intent to target the Uffizi Gallery's longstanding name and famous UFFIZI trademark.

31.     The domain name, Uffizi.com, and content on the webpages of Uffizi.com are likely to confuse—and have confused—patrons across the world into believing there is an affiliation, sponsorship, endorsement, or other connection between Uffizi.com and the Uffizi Gallery, when there is not.  This confusion and wrongful registration continues to cause Uffizi Gallery damages.

32.     Only one webpage (among over 70 webpages) linked to the Uffizi.com domain contains a single acknowledgement that Uffizi.com does not have a "connection to the Uffizi Gallery or other museums."  That is insufficient to dispel the confusion that BoxNic has caused amongst the consuming public, including for consumers within the U.S.

33.     The acknowledgment about Uffizi.com's lack of a connection with the Uffizi Gallery is the third of three paragraphs otherwise describing the museum and is situated in the middle of a page, without bolding or other distinguishing features.

34.     Since BoxNic began selling tickets on Uffizi.com to the Uffizi Gallery, the content or appearance of the website has not been significantly altered.  Further, upon information and belief, BoxNic has not invested in its claimed Uffizi.com mark in a manner that the public would associate BoxNic with the UFFIZI mark.  Rather, BoxNic continues to use Uffizi Gallery's UFFIZI mark in bad faith to trade off of the fame and established

goodwill that Uffizi Gallery has in the UFFIZI mark, which continues to cause irreparable harm to the Uffizi Gallery.

**FIRST CAUSE OF ACTION**
**(Cybersquatting, 15 U.S.C. § 1125(d)(1)(A))**

35.     The Uffizi Gallery repeats and realleges each and every allegation contained in the above paragraphs as though fully set forth herein.

36.     BoxNic has a bad faith intent, and has acted with a bad faith intent, to profit from the Uffizi Gallery's UFFIZI mark and domain name that incorporates it.

37.     In addition, BoxNic has registered, trafficked in, and/or unlawfully used the Uffizi.com domain name.

38.     Uffizi.com is identical to Uffizi Gallery's UFFIZI mark and/or confusingly similar to the Uffizi Gallery's other marks incorporating "Uffizi."

39.     The Uffizi Gallery's marks are strong and inherently distinctive marks that have been in use for centuries and have achieved enormous and widespread public recognition.

40.     BoxNic's bad faith intent to profit from the Uffizi Gallery's marks is evidenced by, among other things, the following:

  a.   Uffizi.com includes the Uffizi Gallery's UFFIZI mark that has been in use by the Uffizi Gallery for centuries;

  b.   Uffizi.com does not consist of BoxNic's legal name or a name otherwise commonly used to identify it;

  c.   BoxNic has given the unauthorized impression that it was associated with the Uffizi Gallery by, for example, including phrases like "Online Booking Uffizi Gallery tickets"; "We suggest to book in advance your Uffizi Tickets: this means you don't have to wait in long queues at the entrance"; and "Book your audio guide (or video guide) with your tickets"; among many other examples;

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

     d.     BoxNic capitalizes on the confusion generated among consumers and trading off of Uffizi Gallery's goodwill by charging a commission for each ticket sold through Uffizi.com;

     e.     BoxNic has similarly attempted to trade off the marks of other tourist attractions associated with Uffizi Gallery.  For example, upon information and belief, BoxNic similarly owns www.giardinodiboboli.com despite similarly having no right to the mark Giardino di Boboli.

41.     BoxNic is not entitled to the 15 U.S.C. § 1125(d)(1)(B)(ii) safe harbor because it was neither subjectively believed nor had objectively reasonable grounds to believe that its unlawful use and commercialization of Uffizi.com to sell tickets to the Uffizi Gallery constituted either fair use or was otherwise lawful.

42.     BoxNic's conduct is directly and proximately causing immediate and irreparable harm and injury to the Uffizi Gallery and to its goodwill and reputation, and BoxNic's conduct will continue to both damage Uffizi Gallery and confuse the public unless enjoined by this court.  Uffizi Gallery has no adequate remedy at law.

43.     The Uffizi Gallery is entitled to injunctive relief prohibiting BoxNic's continued use of the Uffizi Gallery's marks, including through an Order directing transfer of the Uffizi.com domain name from BoxNic to Uffizi Gallery.

44.     The Uffizi Gallery is further entitled to reasonable attorneys' fees pursuant to the "exceptional case" standard of 15 U.S.C. § 1117(a) due to the egregious nature of BoxNic's actions.

## SECOND CAUSE OF ACTION
### (Trademark Infringement, 15 U.S.C. § 1125(a)(1)(A))

45.     The Uffizi Gallery repeats and realleges each and every allegation contained in the above paragraphs as though fully set forth herein.

46.     The Uffizi Gallery holds valid common law U.S. trademark rights in and to the standard character UFFIZI mark and its variants, including but not limited to the Uffizi Logo.

47.     BoxNic's unauthorized use in commerce of the Uffizi.com domain name and use of the UFFIZI marks on website content associated therewith as described herein is likely to cause—and has caused—confusion, mistake, or deception and thus constitutes trademark infringement in violation of the Lanham Act.

48.     BoxNic has committed the foregoing acts of infringement with full knowledge of the Uffizi Gallery's prior rights in the UFFIZI marks and with the intent to cause confusion and trade on Uffizi Gallery's goodwill and reputation as established through the UFFIZI marks.

49.     Upon information and belief, BoxNic has been unjustly enriched on the confusion it has caused by charging the Uffizi Gallery's patrons commissions for museum tickets.

50.     BoxNic's conduct is directly and proximately causing immediate and irreparable harm and injury to the Uffizi Gallery and to its goodwill and reputation, and BoxNic's conduct will continue to both damage and cause irreparable harm and injury to Uffizi Gallery and will continue to confuse the public unless enjoined by this court.  Uffizi Gallery has no adequate remedy at law.

51.     The Uffizi Gallery is entitled to injunctive relief prohibiting BoxNic's continued use of the UFFIZI marks, including but not limited to through BoxNic's continued ownership and use of the Uffizi.com domain name, the website content associated therewith, and in connection with BoxNic's selling of tickets to the museum and other events sponsored by or affiliated with Uffizi Gallery.

52.     The Uffizi Gallery is further entitled to reasonable attorneys' fees pursuant to the "exceptional case" standard of 15 U.S.C. § 1117(a) due to the egregious nature of BoxNic's actions.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

### THIRD CAUSE OF ACTION
**(Unfair Competition/False Designation of Origin/False Advertising,
15 U.S.C. § 1125(a)(1)(B))**

53.     The Uffizi Gallery repeats and realleges each and every allegation contained in the above paragraphs as though fully set forth herein.

54.     BoxNic's unauthorized use in commerce of the UFFIZI marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

55.     BoxNic's conduct as alleged herein is intended, is likely to, and has deceived or tended to deceive a substantial segment of its audience as to the origin, source, sponsorship, or affiliation of Uffizi.com and website content associated therewith, on the one hand, with the Uffizi Gallery, on the other.  This deception has been material.

56.     BoxNic's conduct is directly and proximately causing immediate and irreparable harm and injury to the Uffizi Gallery and to its goodwill and reputation, and BoxNic's conduct will continue to both damage Uffizi Gallery and confuse the public unless enjoined by this court.  Uffizi Gallery has no adequate remedy at law.

57.     The Uffizi Gallery is entitled to injunctive relief prohibiting BoxNic's continued use of the Uffizi Gallery's UFFIZI marks, including but not limited to through BoxNic's continued ownership and use of the Uffizi.com domain name, the website content associated therewith, and in connection with BoxNic's selling of tickets to the museum and other events sponsored by or affiliated with Uffizi Gallery.

58.     The Uffizi Gallery is further entitled to reasonable attorneys' fees pursuant to the "exceptional case" standard of 15 U.S.C. § 1117(a).

### FOURTH CAUSE OF ACTION
**(Trademark Dilution, 15 U.S.C. § 1125(c))**

59.     The Uffizi Gallery repeats and realleges each and every allegation contained in the above paragraphs as though fully set forth herein.

60.     The Uffizi Gallery's UFFIZI mark is a strong and inherently distinctive mark that has been in use for centuries and has achieved enormous and widespread public

recognition.  The Uffizi Gallery's UFFIZI mark is famous within the meaning of 15 U.S.C. § 1125(c).

61.     BoxNic's marketing, promotion, and provision of goods and tickets under marks that are confusingly similar and indeed identical to the UFFIZI mark through the Uffizi.com domain name and website content associated therewith constitute reproduction of the Uffizi Gallery's marks, without authorization from the Uffizi Gallery, that is diluting the distinctive quality of the Uffizi Gallery's UFFIZI mark by decreasing the capacity of such mark to identify and distinguish the Uffizi Gallery as the sole authorized provider of museum and museum-related products and services under the UFFIZI mark.

62.     Moreover, a finding of dilution will protect the Uffizi Gallery's UFFIZI mark by allowing it to control information and presentation of its mark and avoid continued consumer confusion.

63.     BoxNic's conduct is directly and proximately causing immediate and irreparable harm and injury to the Uffizi Gallery and to its goodwill and reputation, and BoxNic's conduct will continue to both damage and cause irreparable harm and injury to Uffizi Gallery and to confuse the public unless enjoined by this court.  Uffizi Gallery has no adequate remedy at law.

64.     The Uffizi Gallery is entitled to injunctive relief prohibiting BoxNic's continued use of the Uffizi Gallery's marks, including but not limited to through BoxNic's continued ownership and use of the Uffizi.com domain name, the website content associated therewith, and in connection with BoxNic's selling of tickets to the museum and other events sponsored by or affiliated with Uffizi Gallery.

65.     The Uffizi Gallery is further entitled to reasonable attorneys' fees pursuant to the "exceptional case" standard of 15 U.S.C. § 1117(a).

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment of Superior Trademark Rights)

66.     The Uffizi Gallery repeats and realleges each and every allegation contained in the above paragraphs as though fully set forth herein.

67.     A dispute and actual controversy has arisen between the Uffizi Gallery and BoxNic as to the respective rights of the parties regarding ownership of and priority to the UFFIZI mark and Uffizi.com domain name incorporating that mark at least for use in connection with museum and museum-related products and services.

68.     BoxNic's conduct is directly and proximately causing immediate and irreparable harm and injury to the Uffizi Gallery and to its goodwill and reputation, and BoxNic's conduct will continue to both damage and cause irreparable harm and injury to Uffizi Gallery and to confuse the public unless an Order is issued by this court declaring Uffizi Gallery as having superior trademark rights in and to the UFFIZI mark and Uffizi.com domain name.

69.     Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202, the Uffizi Gallery seeks an Order from this Court declaring that the Uffizi Gallery has superior rights over BoxNic in and to the UFFIZI mark and Uffizi.com domain name.

### **PRAYER FOR RELIEF**

Wherefore, the Uffizi Gallery prays for judgment as follows:

A.      That the Court enter judgment in favor of the Uffizi Gallery transferring the Uffizi.com domain name from BoxNic to Uffizi Gallery and affirming that Uffizi Gallery is the lawful owner of the Uffizi.com domain name;

B.      That the Court issue an Order enjoining BoxNic from further use of the UFFIZI mark;

C.      That the Court award the Uffizi Gallery its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); and

D.      For such other relief as the Court may deem just and proper.

### **JURY DEMAND**

The Uffizi Gallery respectfully demands a jury trial on all issues so triable.

/ / /

/ / /

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

DATED this 19th day of March, 2019.

                              BALLARD SPAHR LLP

                              By: */s/ Brian W. LaCorte*
                                   Brian W. LaCorte
                                   Jonathon A. Talcott
                                   Mitchell L. Turbenson
                                   1 East Washington Street, Suite 2300
                                   Phoenix, AZ 85004-2555
                                   *Attorneys for Defendant/Counterclaimant*
                                   *Gallerie degli Uffizi*

**CERTIFICATE OF SERVICE**

I certify that on the 19th day of March, 2019, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

Sharon A. Urias
Todd J. Langford
GREENSPOON MARDER LLP
8585 E. Hartford Drive, Suite 700
Scottsdale, AZ 85255
Sharon.Urias@gmlaw.com
Todd.Langford@gmlaw.com

By:  *Brian W. LaCorte*