**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BoxNic Anstalt, | No. CV-18-1263-PHX-DGC |
|     Plaintiff/Counterdefendant, | |
| v. | **ORDER AND DEFAULT JUDGMENT** |
| Gallerie degli Uffizi, | |
|     Defendant/Counterclaimant. | |

The Court dismissed Plaintiff BoxNic Anstalt's claims with prejudice for failure to comply with discovery obligations and retain new counsel after its attorneys withdrew from this case. Docs. 43, 44. The Court stated that it would grant default judgment on Defendant Gallerie degli Uffizi's counterclaims for the same reasons. Doc. 44.

Defendant has filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Doc. 45. No response has been filed. For reasons stated below, default judgment is appropriate and will be entered.

**I.    Background.**

This action involves a dispute over the "uffizi.com" domain name and Plaintiff's use of "UFFIZI" trademarks on a website to which the uffizi.com domain name directs viewers. Plaintiff claims that it registered uffizi.com as a domain name in 1998. Doc. 1 at 3. Plaintiff further claims that Defendant engaged in reverse domain name hijacking when it commenced an administrative domain name action against Plaintiff without

reasonable cause. *Id.* at 1. Plaintiff brought this action for a declaratory judgment that its registration and use of the uffizi.com domain name does not constitute trademark infringement or unfair competition, and that Plaintiff is the rightful registrant of the uffizi.com domain name. *Id.* at 1-2, 6-10.

Defendant asserts counterclaims for cybersquatting, trademark infringement and dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1125. Doc. 19 at 17-21. Defendant also seeks a declaratory judgment that it has superior rights in the UFFIZI marks and the uffizi.com domain name. *Id.* at 21-22.

## II. Default Judgment Under Rule 55(b)(2).

The Court has discretion to enter default judgment pursuant to Rule 55(b)(2). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court it is not required to make detailed findings of fact in deciding whether default judgment is appropriate, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the counterclaims, (3) the sufficiency of the pleading, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of default judgment. Plaintiff has failed to participate in this litigation and no longer has counsel appearing on its behalf. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993) (a corporation cannot appear in federal court without counsel). If default judgment is not entered on the counterclaims, Defendant "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. Merits of the Counterclaims and Sufficiency of the Pleading.

The second and third *Eitel* factors favor default judgment where, as in this case, the counterclaims sufficiently state plausible claims for relief under the Rule 8 pleading

standards. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Defendant alleges that it holds valid common law trademark rights in the UFFIZI mark and its variants. Doc. 19 at 19. Defendant further alleges that Plaintiff acted with bad faith intent to profit from the UFFIZI marks and the uffizi.com domain name that incorporates the marks, that Plaintiff's unauthorized use in commerce of the domain name and marks is misleading and likely to cause consumer confusion, and that this unlawful conduct is causing immediate and irreparable harm to Defendant. *Id.* at 17-22. These allegations are sufficient to state claims under the Lanham Act for cybersquatting, trademark infringement, unfair competition, and trademark dilution. *See* 15 U.S.C. § 1125(a)-(d).

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the alleged misconduct. This factor is neutral given that Defendant does not seek monetary damages on its counterclaims.[1]

### D. Possible Dispute Concerning Material Facts.

The fifth *Eitel* factor weighs in favor of default judgment. Given the sufficiency of the counterclaims and Plaintiff's failure to participate in this action, "no genuine dispute of material facts would preclude granting [Defendant's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

### E. Whether Default Was Due to Excusable Neglect.

Although Plaintiff's answer to the counterclaims (Doc. 24) precluded the Clerk from entering default pursuant to Rule 55(a), the Court dismissed Plaintiff's claims with prejudice and instructed Defendant to file a motion for default judgment due to Plaintiff's failure to follow the rules and participate in the litigation. Before dismissing Plaintiff's claims, the Court held a hearing on September 3, 2019 to address counsel's motion to withdraw. *See* Docs. 37, 38, 40. Plaintiff's representative did not participate in the hearing. *See* Doc. 43 at 1. Counsel for Plaintiff stated that he had sent Plaintiff several emails

---

[1] Defendant seeks an amount equal to its attorneys' fees and costs due to the alleged exceptional nature of Plaintiff's conduct in this case. Doc. 45 at 12-13. Defendant may file a motion for fees and costs pursuant to Rule 54(d) and Local Rule 54.2.

advising it of the hearing, including a copy of the Court's order. *Id.* at 1. Counsel further stated that Plaintiff confirmed receipt of the emails, but stated that Plaintiff would not participate in the hearing. *Id.* The Court asked whether Plaintiff understood that a corporation cannot appear without counsel in federal court, and Plaintiff's counsel confirmed that Plaintiff was advised of this fact before it declined to participate in the hearing. *Id.* at 1-2. Plaintiff's failure to participate in this litigation and retain new counsel clearly is not the result of excusable neglect. This factor weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits.

As for the seventh factor, it is true that cases "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo*, 238 F. Supp. at 1177. Plaintiff's failure to participate in this action "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5.

### G. Conclusion.

Six of the *Eitel* factors favor default judgment, and the other factor is neutral. Considering the factors as a whole, the Court concludes that default judgment on Defendant's counterclaims is appropriate.

**IT IS ORDERED:**

1. Defendant Gallerie degli Uffizi's motion for default judgment and permanent injunction on its counterclaims (Doc. 45) is **granted**.

2. Default judgment is entered in favor of Defendant and against Plaintiff BoxNic Anstalt as follows:

    a. Plaintiff, its agents, affiliates, and all persons or entities acting on behalf of or in concert with Plaintiff, are hereby **permanently enjoined** from directly or indirectly (i) using, displaying, advertising, or authorizing any other person or entity to use, display, or advertise the UFFIZI mark or the infringing Uffizi.com logo; (ii) using, displaying, advertising, or authorizing any other person

or entity to use, display, or advertise any simulation, reproduction, counterfeit, copy, or colorable imitation of the UFFIZI mark or the infringing Uffizi.com logo in any manner likely to cause confusion, mistake, or deception as to the identity or source of the mark or logo; (iii) committing any acts intentionally calculated to cause others to believe that Plaintiff is in any way connected to, associated with, or sponsored by Defendant; (iv) transferring to anyone other than Defendant the domain names UFFIZI.COM, UFFIZI.NET, UFFIZIGALLERY.COM, UFFIZIGALLERY.NET, UFFIZIGALLERY.ORG, and AMICIDEGLIUFFIZI.COM; and (v) registering, maintaining registrations for, using, offering for sale, claiming ownership of, or in any other way using UFFIZI.COM, UFFIZI.NET, UFFIZIGALLERY.COM, UFFIZIGALLERY.NET.

b. Plaintiff shall transfer registration of the domain names UFFIZI.COM, UFFIZI.NET, UFFIZIGALLERY.COM, UFFIZIGALLERY.NET, UFFIZIGALLERY.ORG, and AMICIDEGLIUFFIZI.COM to Defendant within fifteen (15) days of the date of this Order.

c. The Court **declares and decrees** that Defendant holds superior trademark rights, as compared to Plaintiff, in and to the UFFIZI marks as used in connection with museum and museum-related products and services and as incorporated into domain names.

Dated this 5th day of February, 2020.

_David G. Campbell_
David G. Campbell
Senior United States District Judge