**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BoxNic Anstalt,<br><br>　　　　　Plaintiff/Counterdefendant,<br><br>v.<br><br>Gallerie degli Uffizi,<br><br>　　　　　Defendant/Counterclaimant. | No. CV-18-1263-PHX-DGC<br><br>**ORDER** |

Defendant Gallerie degli Uffizi has filed a motion for the entry of a separate judgment on the award of attorneys' fees and costs it obtained. Doc. 56. No response has been filed. The Court will grant the motion.

**A.    Background.**

This action involves a dispute over the "uffizi.com" domain name and Plaintiff's use of "UFFIZI" trademarks on a website to which the uffizi.com domain name directs viewers. Doc. 1. Plaintiff sought a declaratory judgment that its registration and use of the uffizi.com domain name does not constitute trademark infringement or unfair competition, and that Plaintiff is the rightful registrant of the uffizi.com domain name. *Id.* at 1-2, 6-10. Defendant counterclaimed, alleging cybersquatting, trademark infringement and dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1125. Doc. 19 at 17-21.

Plaintiff failed to comply with its discovery obligations and refused to participate in this litigation. *See* Docs. 41, 43. The Court accordingly dismissed Plaintiff's claims and entered default judgment against Plaintiff on Defendant's counterclaims. Docs. 44, 49.

Defendant moved for an award of attorneys' fees and costs. Doc. 51. The Court granted the motion in part and awarded Defendant a total of $119,460.50. Doc. 53.[1] Defendant now moves, pursuant to Federal Rules of Civil Procedure 54(b) and 58(a), for the entry of a separate judgment on the fee and cost award to facilitate appropriate collection efforts against Plaintiff in Lichtenstein and Italy. Doc. 56.

**B.   Discussion.**

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims." While Rule 58(a) states that "a separate document is not required for an order disposing of a separate motion . . . for attorneys' fees under Rule 54[,]" district courts in this Circuit have routinely entered separate judgments for fee awards. *See, e.g.*, *Rodriguez v. ACCC Ins. Co.*, No. CV-16-00998-PHX-ROS, 2019 WL 9270456, at *1 (D. Ariz. May 10, 2019) (citing *Yufa v. TSI Inc.*, No. 09-CV-01315-KAW, 2016 WL 8929244, at *1 (N.D. Cal. Feb. 18, 2016)); *Dunn v. Hatch*, No. 1:15-CV-479-BLW, 2018 WL 2337289, at *3 (D. Idaho May 23, 2018), *aff'd*, 792 Fed. App'x 449 (9th Cir. Nov. 21, 2019); *Jacobs Silver K Farms, Inc. v. Taylor Produce, LLC*, No. 4:13-CV-535-BLW, 2017 WL 4226402, at *1 (D. Idaho Sept. 22, 2017); *Watters v. Otter*, No. 1:12-CV-76-BLW, 2015 WL 848303, at *2 (D. Idaho Feb. 26, 2015). Defendant states that a separate judgment is necessary to collect the fee award in Liechtenstein, and while it is possible that Italian courts may recognize the Court's order awarding fees, a separate final judgment clearly would be recognized. Doc. 56 at 3 (citations omitted).

/ / /

/ / /

---

[1] This amount included $102,729.00 for attorneys' fees, $6,500.00 for expert witness fees, and $10,231.50 for translation costs. *Id.*

The Court finds good cause for a separate judgment and no just reason for delaying its entry. *See* Fed. R. Civ. P. 54(b). The Court accordingly will grant Defendant's motion. Doc. 56.

**IT IS ORDERED:**

1. Defendant's motion to enter separate judgment for the award of attorneys' fees and costs (Doc. 56) is **granted**.

2. The Clerk is directed to enter a separate and final judgment in favor of Defendant and Counterclaimant Gallerie degli Uffizi and against Plaintiff and Counterdefendant BoxNic Anstalt in the amount of **$119,460.50**, plus applicable interest.

Dated this 23rd day of July, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge